FRED KERBS, Appellant, v. WILLIAM J. ZUMWALT, Respondent.

Kansas City Court of Appeals, December 3, 1900.

1. Chattel Mortgages: DEPRECIATION OF VALUE: INSTRUCTIONS.   The depreciation of value in mortgaged property that will constitute a breach and warrant the mortgagee in replevying the property must be a substantial or unreasonable depreciation.   It is no defense that while some of the property has depreciated the remainder has appreciated so as to maintain the original value.   Reason and common sense should govern since it is difficult to lay down a rule.   An instruction is criticised.

2. ———: MONTHLY ACCOUNTING: WAIVER: EVIDENCE. Where a mortgage required a monthly accounting as a condition to the mortgagor's remaining in possession, the failure to account justifies the mortgagee's action in replevin.   The fact that he received monthly payments without demanding an accounting is not a waiver as matter of law of the accounting but merely some evidence thereof.

3. ———: DEPRECIATION, MEASURE OF.   The condition of the property at the making of the mortgage is the standard and the issue is whether it had unreasonably depreciated between that time and the institution of the suit.

4. ——: REASON FOR REPLEVIN: EVIDENCE: WAIVER. The fact that the mortgagee, if he knew of the condition of the mortgaged property and yet in stating the cause of bringing replevin did not mention depreciation or the omission to make monthly statements, would have some tendency to show that he did not regard the depreciation of the property and had waived accounting; but although one reason moved the plaintiff to action it would not prevent his relying upon other reasons.

5. ——: BREACH: INSURANCE. Where a chattel mortgage required the property to be kept insured but did not provide that a failure to do so would entitle the mortgagee to possession, such failure will not justify him in replevying the property.

6. Appellate Practice: ABSTRACT: INSTRUCTIONS. Where the appellant does not challenge the sufficiency of the verdict but relies upon errors in the instructions and rulings of the court, he need not set out the evidence in *haec verba* in his abstract.

7. ——: SHORT APPEAL: ABSTRACT. Though the appeal is by the short form, appellant is not required to incorporate the entire record in the abstract.

Appeal from the Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

REVERSED AND REMANDED.

*John F. Imel* and *Henry M. Ramey* for plaintiff.

The contract made between the parties should control. Jones on Chattel Mortg., sec. 411; Fleming v. Graham, 34 Mo. App. 160; Drug Co. v. Robinson, 81 Mo. 18. A party can not by parol evidence substitute a different condition from that expressed in mortgage. Varney v. Hawes, 68 Me. 442; Resterer v. Carpenter, 124 Ind. 30; Jones on Chattel Mortg., sec. 430; Cline v. Libby, 46 Wis. 123; Bash v. Bash, 9 Pa. St. 260.

Vol 86 app—9

*Charles M. Street* and *Culver & Phillip* for respondent.

Filed brief on merits.

ELLISON, J.—The plaintiff sued defendant in replevin and failed to sustain his case in the trial court, the verdict being for defendant with damages.

It appears that plaintiff had a mortgage on several lots of personal property (some of which was merchandise) to secure the payment of sixteen promissory notes falling due monthly. By the terms of the mortgage, defendant was permitted to remain in possession and sell the merchandise in the usual course, on condition that he would render an account to plaintiff of monthly sales and after paying expenses and deducting sums paid for new goods was to turn over the balance in payment of the notes aforesaid. The mortgage also provided that for any unreasonable depreciation in value or removal of the property from the county, the plaintiff should have the right to take possession. Plaintiff conceiving that defendant was permitting an unreasonable depreciation and that he had failed to render a monthly accounting, brought the action.

On the question of depreciation in value, the court gave erroneous instructions for defendant. The property consisted of a stock of merchandise and fixtures, butchers' stock of fixtures and implements and a large lot of household and kitchen furniture. The instructions required the jury to ignore any depreciation of any of the different kinds or classes of property, provided the property as a whole was not depreciated. The instruction was lengthy and it is not certain that the jury may not have understood it to mean that although a part of the property may have unreasonably depreciated, yet, unless the whole of it had, there was no breach of the mortgage. But interpreting the instruction to mean

that although a portion of the property may have unreasonably depreciated, yet if the remainder had appreciated so as to offset the depreciation, there was in such case no depreciation of the property as a whole (and this is the most favorable view for defendant), it was still improper.

If a chattel mortgage is given on cattle, horses and hogs it would be no excuse for starving or destroying the cattle, that the price of horses or hogs had advanced in a sum sufficient to offset the loss of the cattle. The effect of such rule would be to permit the mortgagor to make substantial change in the articles of property which the mortgagee has selected as his security. In this case there were three or four classes of property in the mortgage. It will not do to say that the mortgagor may practically destroy one or more classes and rely on his ability to show that, considering the other classes, the security is still good. The fair way for the mortgagor to do is to preserve all the property which he has induced the mortgagee to accept as security. The mortgagor has, in effect, deeded the property to the mortgagee, reserving only the right to use it, and he has no right to destroy any of it by allowing it to depreciate to a substantially less value, considering its reasonable use. It is difficult to lay down a rule in advance which would measure undue depreciation of personal property. Reason and common sense should govern. When we say that the mortgagor should preserve all of the property we do not wish to be understood as saying that the loss or destruction of some trivial part would be of such consequence as to forfeit the mortgagor's right to possession. It was, therefore, proper for the circuit court to write in the words "substantially or unreasonably" in plaintiff's instructions on the subject of depreciation of the mortgaged property.

The mortgage provided, as one of the conditions to the

right of the mortgagor to remain in possession, that he should render a monthly account to the mortgagee of all sales. This was not done, and that, of itself, was sufficient to justify plaintiff's action unless he waived that provision (which was made for his benefit). The fact that plaintiff may have received monthly payments and did not demand an accounting, while it may be some evidence tending to show a waiver, yet it is not a waiver as a matter of law. It was the duty of defendant, without any demand, to render the account unless it was waived, and defendant's instructions on this head were erroneous.

We think that the effort made on values to show that there had been no unreasonable depreciation of the property was too involved. It tended to confusion. The condition of the property at the time it was mortgaged is the standard, and the issue should be whether the property had unreasonably depreciated between that time and the time the suit was instituted.

An effort was made to show the reason in the mind of the plaintiff for instituting the action, the point being, we suppose, to show that the plaintiff did not consider the property had depreciated and that he had waived the matter of monthly accounting. We are of the opinion that if the mortgagee had opportunity to observe the property and yet in stating the cause of his instituting the action he did not mention that and did not mention the omission to make monthly statements it would have some tendency, connected with other evidence, to show that in his opinion the property had not depreciated and that he had waived the monthly accounting. It should, however, be borne in mind that although some one reason may have moved the plaintiff, it would not prevent him from relying upon other reasons which, in fact, existed.

The mortgage provided that the mortgagor should keep the property insured. But in naming the causes for which the mortgagee might take possession from him it omitted to include a failure to insure. That failure, therefore, was not one of the conditions or causes agreed upon and it does not confer the right of possession upon the mortgagee. If there had been no agreement to the contrary the mortgagee would have been entitled to the possession on the execution of the mortgage. Drug Co. v. Self, 77 Mo. App. 284. But since the parties have agreed that the mortgagor should remain in possession until certain named conditions were broken, such agreement must control and the right of possession will not accrue until one or more of these shall be broken. Baldridge v. Dawson, 39 Mo. App. 534.

We have not been able to discover any good reason justifying the hypothetical questions put to witness Korn.

A question has been made here on the sufficiency of plaintiff's abstract, which we consider without substantial merit. The plaintiff did not challenge the sufficiency of the evidence to justify the verdict. He conceded there was evidence tending to prove the different issues of fact and relied upon errors in instructions and in rulings on evidence. In such case it is not necessary to set out the evidence in *haec verba*. The abstract is ample to show fully the points of objections and comes up to the requisite of our rules.

But plaintiff has not brought the full transcript here. He has only brought up the certificate of judgment, etc., authorized by section 813, Revised Statutes 1899, and defendant contends that when that is done the entire record must be incorporated in the abstract. We do not so interpret the statute. Why fill the abstract with the entire evidence when it is conceded that it tended to prove the respondent's case? We also think the abstract shows the filing of the bill

of exceptions and that the proper steps were taken for the appeal.

The judgment is reversed and the cause remanded.    All concur.