FRED KREBS, Appellant, v. WM. J. ZUMWALT et al., Respondents.

**Kansas City Court of Appeals, January 6, 1902.**

1. **Chattel Mortgages: STOCK OF MERCHANDISE: UNREASONABLE DEPRECIATION.** The rule governing this case, laid down in the former appeal (86 Mo. App. 128), is, there must be a substantial depreciation in the value of the goods to authorize the mortgagee to take possession, and a slight depreciation would not be unreasonable.

2. ———: ———: ———: **SUPPORT OF FAMILY: INSTRUCTION.** A mortgagor of a stock of goods, covenanting against unreasonable depreciation, has no right to live out of such goods unless the profits of the business after deducting expenses, etc., left the stock substantially unimpaired, and certain instructions taking from the jury the question of such impairment were properly refused.

3. ———: ———: ———: **INSTRUCTION.** An instruction that a depreciation of fifty dollars in the value of the stock of merchandise

would be unreasonable, was properly refused, as under the evidence it was a question for the jury to say to what extent there was a depreciation without any suggestion of the court.

4. ——: ——: ——: ——. An instruction declaring that unreasonable depreciation meant such depreciation as impairs any class of the security and prevents it from being as good as when the mortgage was given, is too restricted.

5. ——: ——: ——: ——. An instruction that the mortgagor was not permitted, on account of the contemplated removal to another location, to reduce the stock substantially and if so reduced for such purpose it authorized the mortgagee to take possession, is proper and should have been given.

6. **Replevin:** TITLE OF PROPERTY IN DIFFERENT DEFENDANTS: MISJOINDER OF PARTIES: APPELLATE PRACTICE: CHANGE OF THEORY. In a replevin suit the defendants by separate answers claim to be owners of distinct parts of the replevied property and pleaded a misjoinder of parties. There was no evidence to support such averment, although the reply denied it. *Held*, on appeal plaintiff can not demand a reversal because of the matters set up in the answers, but must be left where he placed himself.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James, Judge.*

REVERSED AND REMANDED.

*John F. Imel* and *Vinton Pike* for appellant.

(1) The parties, respectively, claimed a right of possession. Defendants' answers were cross-replevins. If they were not entitled to recover possession, they could not recover the value of the property or damages for its detention. 3 Suth, Dam., p. 532; Lewis v. Train, 4 Pick. 168; Deal v. Osborne, 42 Minn. 102; Bashroom v. Massy, 5 Iredell 192; Ingusham v. Martin, 15 Me. 373. (2) The mortgage would have been a fraud in law if defendants were permitted to support themselves out of the stock—it would have been to their own use. Pierce, Mort. of Mdse., secs. 56-58. (3) The plaintiff was in law the owner of the chattels, and defendants

had but a conditional right of possession, and their violation of any condition upon which their right to possession depended, worked a forfeiture of said right. Jones, Chat. Mtg., secs. 100, 411, 426; Drug Co. v. Self, 77 Mo. App. 284; Drug Co. v. Robinson, 81 Mo. 18; Roberts v. Norris, 67 Ind. 386. (4) Plaintiff's second, tenth and fourteenth instructions should have been given. They contained the law as announced in the opinion on the former appeal. The fourth was based on defendants' evidence.

*Charles M. Street* and *Culver & Phillip* for respondents.

(1) Plaintiff alleges in his petition that all of the defendants had possession of all of the property; he denies in his reply that the title to any part of the property was in some of the defendants, to the exclusion of any of the others and the only evidence introduced shows that the title to and possession of all the property was in all the defendants. Under these circumstances it is difficult to understand how plaintiff can complain because the judgment was rendered in favor of all the defendants. (2) The court did not err in refusing appellant's second instruction since the court gave another instruction which was even broader and more favorable to plaintiff than the one refused. (3) The court did not err in refusing plaintiff' instruction No. 10. · Krebs v. Zumwalt, 86 Mo. App. 128. (4) The court did not err in refusing plaintiff's fourteenth instruction. Krebs v. Zumwalt, 86 Mo. App. loc. cit. 131. (5) The court did not err in refusing plaintiff's instruction No. 4. That instruction entirely ignored the fact that there were new goods put into the stock between the date of the mortgage and the time the suit was brought. Chappell v. Allen, 38 Mo. 213. The instruction was also properly refused because it singled out and was a comment upon the evidence. Rose v. Spies, 44 Mo. 20; Benjamin v. Railroad, 50 Mo. App. 602; Noyes, Norman & Co. v. Cunningham, 51 Mo. App. 194; Weil v. Schwartz, 21

Mo. App. 372; Chaney v. Ins. Co., 62 Mo. App. 45; Forrester v. Moore, 77 Mo. 651. (6) The court did not err in giving defendants' first instruction. Deuchler v. Insurance Co., 51 Mo. App. 154.

BROADDUS, J.—This is a suit in replevin for certain personal property. In June, 1899, the defendants executed to plaintiff a mortgage deed to secure the payment of sixteen promissory notes payable in 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16 months, and all for the sum of $50 each, except the one to become last due which was for the sum of $49. The conditions of the mortgage are, that the property conveyed is to remain in the possession of the mortgagors "until default be made in the payment of the said debt and interest, or some part thereof, providing that the grantor be allowed to make sales of the stock proper, exclusive of fixtures, furnitures, tools, etc., in the usual course of retail grocery and butcher business, but be held to an accounting on the twelfth day of each month of all sales made, and after deducting proper expenses and cost of new goods purchased, to pay the balance over to grantee herein, but in case of a sale or disposal, or attempt to sell or dispose of all said property, or a removal of, or attempt to remove the same from this county, except as above provided, or an unreasonable depreciation in value thereof, the said Fred Krebs or his legal representatives, may take the said property or any part thereof into his possession."

The property conveyed consisted of grocery fixtures, butcher fixtures, household goods, a stock of groceries, and meats and other personal property contained in a certain storehouse in the city of St. Joseph, Missouri. There were six of the Zumwalt family grantors in the mortgage, and all defendants to this suit.

The defendants William J. and Mary A. Zumwalt file separate answers in the nature of a denial, and that they are

the owners exclusively of certain parts of said property and were at the time of the replevin in exclusive possession of the same, and claiming damages against plaintiff for the taking of said property, etc. They allege a misjoinder of parties defendant. The other four defendants claim the exclusive ownership of that part of the property not claimed by the other two defendants as aforesaid and also allege misjoinder and claim damages for the wrongful taking of the goods from their possession. The jury, under the instructions of the court, found that the defendants were entitled to the possession of all the property claimed, assessed their damages and fixed the present value of the property, for which judgment was duly rendered, and from all of which the plaintiff appealed. There is no controversy as to the testimony in the case. None of the notes were due and unpaid at the time of the institution of this suit.

The plaintiff, to maintain the issues on his part, introduced evidence tending to show that there had been an unreasonable depreciation of the value of the property and that the defendants had failed to account to him on the twelfth day of each month for all sales, after deducting proper expenses and costs of new goods purchased. In fact, it was admitted that the defendants had used, for family purposes, $525 worth of the goods. This the defendants had no right to do, unless the profits of the business to that extent, after deducting the expense of running the business, payments on the notes as they became due, and the cost of new goods, left the stock substantially unimpaired in value. The defendants asked instructions Nos. 5, 6, 7 and 8 on this point, all of which were properly overruled for the reason that they are predicated on the theory that the mere fact that the defendants used the goods for family support was an unreasonable depreciation of the property, whether the defendants made good the deficiency or not.

The main fact in the case was, did the defendants at all

times have on hand substantially the goods of the kind and value as at the time of the execution of the mortgage? A part of the goods included in the mortgage were merchandise and were to be sold in the ordinary course of business, consequently the amount of such goods on hand would fluctuate from day to day; and therefore it was not in the contemplation of the parties that there should be precisely the same amount on hand all the time. In these fluctuations the amount on hand might be greater or less. If substantially less in value, the right of the mortgagee to take the goods would ensue; if slightly less, the depreciation would not be unreasonable in law and the defendants would have the right to continue in possession. This was the holding of this court when this case was here before (Krebs v. Zumwalt, 86 Mo. App. 128). As instructions Nos. 5, 6, 7 and 8, asked by the plaintiff, were in conflict with the rule above laid down in this case, they were properly refused.

Instruction number 3 was also properly refused. This instruction asked the court to say to the jury that, if the stock of groceries and meat described in the mortgage was, when suit was brought, worth $50 less in value than when the mortgage was made, such depreciation was unreasonable. There was evidence tending to show that there was no substantial depreciation in value, and the court was not authorized to say to the jury if there was a difference in value of any particular amount they should find for the plaintiff. It was a question of fact for the jury to say to what extent there was a depreciation in value of the goods without any suggestion of the court as to any certain quantity. Instruction number 20, given by the court, is subject to the same objection; but that is the plaintiff's error for which he has no right to complain.

Instruction number 16 was intended for a definition of the term "unreasonable depreciation," and is as follows: "The jury are instructed that by the term 'unreasonable depreciation' is meant such depreciation as impairs any class of the security

and prevents it from being as good as when the mortgage was given." The definition is too restricted; under it, the slightest impairment in value of the goods would constitute an unreasonable depreciation. The rule of law laid down in this case is that a trivial loss or destruction would not forfeit the mortgagee's right to possession. See Krebs v. Zumwalt, supra.

The evidence tended to show that the defendants, in contemplation of changing their place of business, reduced their stock of staple goods—such as sugar and tobacco—but that they had purchased and ordered goods more than enough to make up the deficiency, to be delivered at their new place of business. To meet this phase of the case, the plaintiff asked and the court refused the following instruction, viz.: "You are instructed that the defendants were not permitted, on account of their contemplated removal to another location, to reduce the stock substantially below what it was when the mortgage was given, and if you find from the evidence that in contemplation of removal they so reduced the stock, such reduction constituted a depreciation of the value of the security which authorized the plaintiff to retake the same, and you should find a verdict for him." In view of the declaration of the court to the jury, with the consent of both sides, that any new goods bought by the defendants and placed in the proposed new store would not be held under the chattel mortgage, we can not perceive under what theory said instruction was refused. If there should have been a deficiency at the time of removal, the defendants could not have made it good afterwards. And besides, if there was a deficiency in staple goods, the mere fact that there was on hand other goods sufficient to make up the deficiency would not avail the defendants, because, under the law of this case, "the jury were not required to ignore any depreciation of the different kinds or classes of property, provided the property as a whole was not depreciated." Krebs v. Zumwalt, supra. Therefore, the plaintiff had the right to have the jury pass upon the fact as

Krebs v. Zumwalt et al.

to whether there had been a depreciation in the value of the goods by reason of the reduction of the quantity of the staple articles made in contemplation of removal to another place of business.

The plaintiff claims that the cause should be reversed because the defendants in their answer set up that they were not the owners in common of the property in dispute, and that therefore a general finding and judgment in their behalf was error. The defendants set up in their separate answers that the ownership and possession of a part of the property was exclusively in certain named defendants, and the ownership and possession of the other part of the property was in the other defendants. To these answers the plaintiff filed a general denial by way of reply. There does not appear to have been any evidence offered upon the issue thus made. Had this issue been sustained by the defendants, the plaintiff could not have recovered. He wants this court to now declare that as the defendants made this issue they must be held to it. It was in his power, at any time before the case was submitted to the jury, to have admitted the truth of these answers and to take a nonsuit. And it is very clear that if it had been proved on trial he would have been compelled to have done so. He is now placing himself in the position of one who asks to be relieved from the effects of his own wrong and shortcomings. In this particular, he must be left where he has placed himself.

The other instructions asked by the defendant and refused were not the law of the case, especially number 10, as it is in conflict with the prior decision in the case. The defendants' instructions seem to be the law of the case, and as such are not subject to the criticism suggested by the plaintiff.

But for the errors noted, the cause is reversed and remanded. All concur.